# EXHIBIT A

ELECTRONICALLY FILED
2018 Jan 04 AM 9:29
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-000006

IN THE 29th JUDICIAL DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CIVIL COURT DEPARTMENT

| | |
|---|---|
| HUNG C. O and YONG A. O, ) | |
| ) | |
|         Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Cause No. _____ |
| BRIAN WALKER, ) | |
| Serve at: ) | K.S.A. Chapter 60 |
| 818 H Street ) | |
| Central City, Nebraska  68826 ) | |
| ) | |
| and ) | |
| ) | |
| SWIFT TRANSPORTATION CO. OF ) | |
| ARIZONA, LLC, ) | |
| Serve Registered Agent: ) | |
| National Registered Agents, Inc. of KS ) | |
| 112 SW 7th Street Suite 3C ) | |
| Topeka, KS 66603 ) | |
| ) | |
| and ) | |
| ) | |
| SWIFT TRANSPORTATION COMPANY ) | |
| Serve Registered Agent: ) | |
| National Registered Agents, Inc. ) | |
| 3800 N. Central Ave Suite 460 ) | |
| Phoenix, AZ 85012 ) | |
| ) | |
| and ) | |
| ) | |
| SWIFT TRANSPORTATION CO. OF ) | |
| PHOENIX, LLC ) | |
| Serve Registered Agent: ) | |
| National Registered Agents, Inc. ) | |
| 3800 N. Central Ave Suite 460 ) | |
| Phoenix, AZ 85012 ) | |
| ) | |
| and ) | |
| ) | |
| SWIFT TRANSPORTATION CO., LLC ) | |
| Serve Registered Agent: ) | |
| National Registered Agents, Inc. ) | |
| 160 Greentree Dr. #101 ) | |
| Dover, DE 19904 ) | |
| ) | |
| ) | |
|         Defendants. ) | |

## PETITION FOR DAMAGES

Plaintiffs Hung C. O and Yong A. O, by and through their counsel of record, hereby submit

Plaintiffs' Petition for Damages against Defendants Brian Walker, Swift Transportation Company Co. of

Arizona, LLC, Swift Transportation Company, Swift Transportation Co. of Phoenix, LLC, and Swift

Transportation Co., LLC, and in support of their causes of action, state the following:

## PARTIES

1.      Plaintiffs Hung C. O and Yong A. O (hereinafter "Plaintiffs") are individuals and

residents of Leavenworth County, Kansas, residing at 2021 Cambridge Street, Leavenworth, Kansas

66048.

2.      Defendant Brian Walker is an individual and resident of Merrick County, Nebraska,

residing at 818 H Street, Central City, Nebraska  68826.

3.      Defendant Swift Transportation Company Co. of Arizona, LLC (hereinafter Defendant

"Swift of Arizona"), is a limited liability corporation incorporated and domiciled in the State of Delaware

with its corporate headquarters and principal place of business in the State of Arizona located at 2200 S.

75th Avenue, Phoenix, Arizona 85043. Defendant Swift of Arizona may be served through its registered

agent in the State of Kansas, National Registered Agents, Inc. of KS, 112 SW 7th Street Suite 3C, Topeka,

KS 66603.  Plaintiffs' reference to Defendant Swift of Arizona herein shall also mean the employees and

agents of Defendant Swift of Arizona, acting within the course and scope of their employment or agency.

Defendant Swift of Arizona, through the application of the doctrine of *respondeat superior*, is responsible

for the negligent acts of its employees and agents.

4.      Defendant Swift Transportation Company (hereinafter Defendant "Swift TC") is a

corporation incorporated and domiciled in the State of Delaware with its corporate headquarters and

principal place of business in the State of Arizona located at 2200 S. 75th Avenue, Phoenix, Arizona

85043. Defendant Swift TC may be served through its registered agent in the State of Arizona, National

Registered Agents, Inc., 3800 N. Central Avenue, Suite 460, Phoenix, Arizona 85012.  Plaintiffs'

reference to Defendant Swift TC herein shall also mean the employees and agents of Defendant Swift TC

acting within the course and scope of their employment or agency. Defendant Swift TC, through the application of the doctrine of *respondeat superior*, is responsible for the negligent acts of its employees and agents.

5.      Defendant Swift Transportation Co. of Phoenix, LLC (hereinafter Defendant "Swift of Phoenix"), is a limited liability corporation incorporated and domiciled in the State of Delaware with its corporate headquarters and principal place of business in the State of Arizona located at 2200 S. 75th Avenue, Phoenix, Arizona  85043. Defendant Swift of Phoenix may be served through its registered agent in the State of Arizona, National Registered Agents, Inc., 3800 N. Central Ave., Suite 460, Phoenix, AZ 85012.  Plaintiffs' reference to Defendant Swift of Phoenix herein shall also mean the employees and agents of Defendant Swift of Phoenix, acting within the course and scope of their employment or agency. Defendant Swift of Phoenix, through the application of the doctrine of *respondeat superior*, is responsible for the negligent acts of its employees and agents.

6.      Defendant Swift Transportation Co., LLC (hereinafter Defendant "Swift TC LLC"), is a limited liability corporation incorporated and domiciled in the State of Delaware. Defendant Swift TC LLC may be served through its registered agent in the State of Delaware, National Registered Agents, Inc., 160 Greentree Dr., Suite 101, Dover, Delaware 19904. Plaintiffs' reference to Swift TC LLC herein shall also mean the employees and agents of Defendant Swift TC LLC, acting within the course and scope of their employment or agency. Defendant Swift TC LCC, through the application of *respondeat superior,* is responsible for the negligent acts of its employees and agents.

## JURISDICTION AND VENUE

7.      Defendant Walker is an individual and resident of the State of Nebraska, but committed a tortious act in Kansas and had contact with the State of Kansas which would support jurisdiction consistent with the constitutions of the United States and the State of Kansas, and, therefore, has submitted to the personal jurisdiction of this Court purusant to K.S.A. § 60-308(b)(1)(B) and K.S.A. § 60-308(b)(1)(L).

3

8.      Defendants Swift of Arizona, Swift TC, Swift of Phoenix, and Swift TC LLC, are corporations registered in Delaware and which have principal places of business outside the State of Kansas, but which maintain systematic and continuous minimum contacts with the State of Kansas sufficient for the exercise of jurisdiction. Upon information and belief, Defendants Swift of Arizona, Swift TC, Swift of Phoenix, and Swift TC LLC, committed a tortious act in the State of Kansas by and through their employee and agent and had contact with the State of Kansas which would support jurisdiction consistent with the constitutions of the United States and of the State of Kansas, and, therefore, each has submitted to the personal jurisidiction of this Court pursuant to K.S.A. § 60-308(b)(1)(B) and K.S.A. § 60-308(b)(1)(L).

9.      The facts, acts, omissions, and occurrences giving rise to these causes of action occurred on Interstate Highway 70 (hereinafter "Interstate 70") within Bonner Springs, Wyandotte County, Kansas, and therefore, venue is proper in this Court against each Defendant.

## FACTS COMMON TO ALL COUNTS

10.     Plaintiffs hereby incorporate by reference all of the preceding allegations of the Petition as if fully set forth herein.

11.     At all times relevant herein, Plaintiff Hung C. O was the driver of a 2006 Cadillac SRX motor vehicle.

12.     At all times relevant herein, Plaintiff Yong A. O was the front-seat passenger in the same Cadillac SRX motor vehicle driven by Plaintiff Hung C. O.

13.     At all times relevant herein, Plaintiff Yong A. O was properly restrained with her seatbelt while Plaintiff Hung C. O was driving the Cadillac SRX motor vehicle.

14.     At all times relevant herein, Plaintiff Hung C. O was properly restrained while driving the Cadillac SRX motor vehicle.

15.     At all times relevant herein, Defendant Walker was the driver of a 2000 Freightliner DS semi-truck tractor-trailer commercial motor vehicle (hereinafter "Semi") owned and/or operated in the

4

course of the businesses of Defendant Walker and Defendants Swift of Arizona, Swift TC, Swift of

Phoenix, and Swift TC LLC.

16.     Upon information and belief, at all times relevant herein, Defendant Walker was an

employee and agent of Defendants Swift of Arizona, Swift TC, Swift of Phoenix, and Swift TC LLC,

acting within the course and scope of his employment with Defendants Swift of Arizona, Swift TC, Swift

of Phoenix, and Swift TC LLC.

17.     On or about November 17, 2016, at approximately 2:45 PM, Plaintiffs were traveling

westbound on Interstate 70 in Bonner Springs, Wyandotte County, Kansas, in the vicinity of 122nd Street.

18.     On the same date and at the same time, Defendant Walker was traveling westbound on

Interstate 70 in Bonner Springs, Wyandotte County, Kansas in the lane to the right of Plaintiffs.

19.     On that same date and at that same time, a concrete barrier wall median divided the

westbound lanes from the eastbound lanes of the section of Interstate 70 on which Plaintiffs and

Defendant Walker were driving.

20.     On the same date and at the same time, Plaintiffs were driving westbound directly on the

left side of the Defendants' Freightliner DS semi-truck tractor-trailer commercial motor vehicle

(hereinafter "Freightliner Semi").

21.     Giving no notice of his intent to do so, Defendant Walker unexpectedly veered left,

forcing Plaintiffs' vehicle into and onto the concrete barrier wall median in an event hereinafter referred to

as "the Collision").

22.     The Plaintiffs were each injured in the Collision and their Cadillac SRX motor vehicle

was severely damaged.

## COUNT I
### (Negligence of Defendant Walker)

23.     Plaintiffs hereby incorporate by reference all preceding allegations of the Petition as if

fully set forth herein.

24. Defendant Walker owed a duty to exercise reasonable care in the operation and driving of Defendants' Freightliner Semi so as to not cause injury or damage to Plaintiffs.

25. Defendant Walker breached his duty to Plaintiffs when he operated his Freightliner Semi in a negligent manner at the time of the Collision.

26. Defendant Walker's negligent conduct included, but was not limited to, the following:

    i.   Failing to signal before changing lanes;

    ii.   Failure to maintain lane;

    iii.   Improper driving on a laned roadway;

    iv.   Failing to yield to other vehicles on the roadway;

    v.   Failing to follow the Kansas traffic rules of the road;

    vi.   Failing to maintain proper control of his Semi;

    vii.   Failing to keep a proper lookout;

    viii.   Reckless and careless manner of driving;

    ix.   Failing to operate his Semi in a safe and prudent manner;

    x.   Inattentive driving;

    xi.   Distracted driving; and

    xii.   Such other acts and omissions of negligence as will be determined through discovery.

27. Defendant Walker's negligence was the sole and proximate cause of the Collision.

28. As a direct and proximate result of the Defendant Walker's negligence, Plaintiff Hung C. O was injured and has sustained the following damages, all in excess of $75,000.00:

    i.   Past medical expenses;

    ii.   Future medical expenses;

    iii.   Mileage for traveling for treatment;

    iv.   Permanent physical damage;

    v.   Loss of past income; and

      vi.  Past and future physical and mental pain and suffering.

29.    As a direct and proximate result of Defendant Walker's negligence, Plaintiff Yong A. O was injured and has sustained the following damages, all in excess of $75,000.00:

      i.  Past medical expenses;

      ii.  Future medical expenses;

      iii.  Mileage for traveling for treatment;

      iv.  Permanent physical damage;

      v.  Loss of past income;

      vi.  Loss of future income;

      vii.  Expenditures on substitution labor for her business;

      viii.  Past and future physical and mental pain and suffering.

WHEREFORE, Plaintiffs each pray for judgment against Defendant Walker for Count I of the Petition for Damages in an amount in excess of $75,000.00, and for the costs of this action, for pre-judgment and post-judgment interest, and for such other relief as the Court finds just and equitable.

## Count II

### (Negligence – *Respondeat Superior* Against Defendants Swift of Arizona, Swift TC, Swift of Phoenix, and Swift TC LLC)

30.    Plaintiff hereby incorporates by reference all preceding allegations of the Petition for Damages as if fully set forth herein.

31.    Upon information and belief, at all times relevant herein, Defendant Walker was an employee and agent of Defendants Swift of Arizona, Swift TC, Swift of Phoenix, and Swift TC LLC.

32.    Upon information and belief, at all times relevant herein, Defendant Walker was acting within the course, duration, and scope of his employment with Defendants Swift of Arizona, Swift TC, Swift of Phoenix, and Swift TC LLC.

33.     Upon Information and belief, at all times relevant herein, Defendant Walker was operating the Semi Freightliner in furtherance of business interests of Defendants Swift of Arizona, Swift TC, Swift of Phoenix, and Swift TC LLC.

34.     Defendant Walker's negligence in operating the Semi was the sole and proximate cause of the Collision.

35.     As a result of the negligence of Defendant Walker while operating the Semi within the scope of his employment with Defendants Swift of Arizona, Swift TC, Swift of Phoenix, and Swift TC LLC, Defendants Swift of Arizona, Swift TC, Swift of Phoenix, and Swift TC LLC, are vicariously liable for Defendant Walker's negligence, breach of duty, and the damages Plaintiffs sustained in the Collision.

36.     In the alternative, Defendants Swift of Arizona, Swift TC, Swift of Phoenix, and Swift TC LLC, permitted and gave Defendant Walker authority, either express or implied, to use and operate the Semi prior to the Collision and are liable for Defendant Walker's negligence while acting as a permissive user of the Semi that they either owned, leased, or rented, operated, and had control over in the course of their businesses.

37.     As a direct and proximate result of the negligence of Defendants Swift of Arizona, Swift TC, Swift of Phoenix, and Swift TC LLC, Plaintiff Hung C. O was injured and has sustained the following damages, all in excess of $75,000.00:

      i.   Past medical expenses;

      ii.  Future medical expenses;

      iii. Mileage for traveling for treatment;

      iv.  Permanent physical damage;

      v.   Loss of past income;

      vi.  Past and future physical and mental pain and suffering.

38.     As a direct and proximate result of the Defendants' negligence, Plaintiff Yong A. O was injured and has sustained the following damages, all in excess of $75,000.00:

      i.   Past medical expenses;

8

    ii.  Future medical expenses;

    iii.  Mileage for traveling for treatment;

    iv.  Permanent physical damage;

    v.  Loss of past income;

    vi.  Loss of future income;

    vii.  Expenditures on substitution labor for her business; and

    viii.  Past and future physical and mental pain and suffering.

WHEREFORE, Plaintiffs each pray for judgment against Defendant Swift of Arizona for Count II of the Petition for Damages in an amount in excess of $75,000.00, and for the costs of this action, for pre-judgment and post-judgment interest, and for such other relief as the Court finds just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all Counts of Plaintiffs' Petition for Damages.

Respectfully submitted,

**DICKERSON OXTON, LLC**

*/s/ Thomas J. Dickerson*
Thomas J. Dickerson        KS# 24647
Alexander C. Melin        KS# 26419
1200 Main Street, Suite 2120
Kansas City, Missouri 64105
Phone: (816) 268-1960
Fax: (816) 268-1965
tdickerson@dickersonoxton.com
amelin@dickersonoxton.com
*ATTORNEYS FOR PLAINTIFFS*

ELECTRONICALLY FILED
2018 Jan 04 AM 9:29
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-000006

Hung O et. al.

vs.

Brian Walker et. al.

**SUMMONS**

To the above-named Defendant/Respondent:

> **Swift Transportation Company of Phoenix LLC**
> **3800 N. Central Ave Suite 460**
> **Phoenix, AZ 85012**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> Thomas J. Dickerson
> 1200 Main Street
> Suite 2120
> Kansas City, MO 64105

within 21 days after service of summons on you.



Clerk of the District Court
Electronically signed on 01/04/2018 11:35:44 AM

**Documents to be served with the Summons:**

PLE: Petition Petition for Damages, DIS: Discovery (Generic) Certificate of Service of Discovery Requests

ELECTRONICALLY FILED
2018 Jan 04 AM 9:29
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-000006

## IN THE 29TH JUDICIAL DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

HUNG C. O and YONG A. O,                      )
                                              )
        Plaintiffs,                  )
v.                                            )
                                              )   **Cause No.** _____
BRIAN WALKER, SWIFT                           )
TRANSPORTATION CO. OF ARIZONA,                )   K.S.A. Chapter 60
LLC, SWIFT TRANSPORTATION                     )
COMPANY, SWIFT TRANSPORTATION                 )
CO., OF PHOENIX, LLC, and SWIFT               )
TRANSPORTATION CO., LLC,                      )
                                              )
        Defendants.                  )

### CERTIFICATE OF SERVICE OF DISCOVERY REQUESTS

Plaintiffs Hung and Yong O hereby certify that *Plaintiffs' First Interrogatories to Defendants* and

*Plaintiffs' First Requests for Production to Defendants* were served upon the following Defendants by

sending such discovery requests with the Summons and Petition for service by a private process server

and/or by certified mail:

| | |
|---|---|
| Brian Walker, | Swift Transportation Co., of Phoenix, LLC |
| Serve at: | Serve Registered Agent: |
| 818 H Street | National Registered Agents, Inc. |
| Central City, Nebraska  68826 | 3800 N. Central Ave Suite 460 |
| | Phoenix, AZ 85012 |
| Swift Transportation Co. of Arizona, LLC, | |
| Serve Registered Agent: | Swift Transportation Co., LLC |
| National Registered Agents, Inc. of KS | Serve Registered Agent: |
| 112 SW 7th Street Suite 3C | National Registered Agents, Inc. |
| Topeka, KS 66603 | 160 Greentree Dr. #101 |
| | Dover, DE 19904 |
| Swift Transportation Company | |
| Serve Registered Agent: | |
| National Registered Agents, Inc. | |
| 3800 N. Central Ave Suite 460 | |
| Phoenix, AZ 85012 | |

Respectfully submitted,

**DICKERSON OXTON, LLC**

*/s/ Alexander C. Melin*
Alexander C. Melin                    KS# 26419
Thomas J. Dickerson                KS# 24647
1200 Main Street, Suite 2120
Kansas City, Missouri  64105
Phone: (816) 268-1960
Fax: (816) 268-1965
amelin@dickersonoxton.com
tdickerson@dickersonoxton.com
*ATTORNEYS FOR PLAINTIFF*


## CERTIFICATE OF SERVICE

The undersigned certifies that a true and complete copy of the foregoing was sent with the Summons and Petition for service on the defendant, as follows:

Brian Walker,
Serve at:
818 H Street
Central City, Nebraska  68826

Swift Transportation Co. of Arizona, LLC,
Serve Registered Agent:
National Registered Agents, Inc. of KS
112 SW 7th Street Suite 3C
Topeka, KS 66603

Swift Transportation Company
Serve Registered Agent:
National Registered Agents, Inc.
3800 N. Central Ave Suite 460
Phoenix, AZ 85012

Swift Transportation Co., of Phoenix, LLC
Serve Registered Agent:
National Registered Agents, Inc.
3800 N. Central Ave Suite 460
Phoenix, AZ 85012

Swift Transportation Co., LLC
Serve Registered Agent:
National Registered Agents, Inc.
160 Greentree Dr. #101
Dover, DE 19904

*/s/ Alexander C. Melin*
Alexander C. Melin

2

IN THE 29th JUDICIAL DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CIVIL COURT DEPARTMENT

HUNG C. O and YONG A. O,                           )
                                                   )
                         Plaintiffs,              )
v.                                                 )
                                                   )    Cause No. _____
BRIAN WALKER,                                      )
Serve at:                                          )    K.S.A. Chapter 60
818 H Street                                       )
Central City, Nebraska  68826                      )
                                                   )
and                                                )
                                                   )
SWIFT TRANSPORTATION CO. OF                        )
ARIZONA, LLC                                       )
Serve Registered Agent:                            )
National Registered Agents, Inc. of KS             )
112 SW 7th Street Suite 3C                          )
Topeka, KS 66603                                   )
                                                   )
and                                                )
                                                   )
SWIFT TRANSPORTATION COMPANY                       )
Serve Registered Agent:                            )
National Registered Agents, Inc.                   )
3800 N. Central Ave Suite 460                      )
Phoenix, AZ 85012                                  )
                                                   )
and                                                )
                                                   )
SWIFT TRANSPORTATION CO. OF                        )
PHOENIX, LLC                                       )
Serve Registered Agent:                            )
National Registered Agents, Inc.                   )
3800 N. Central Ave Suite 460                      )
Phoenix, AZ 85012                                  )
                                                   )
and                                                )
                                                   )
SWIFT TRANSPORTATION CO., LLC                      )
Serve Registered Agent:                            )
National Registered Agents, Inc.                   )
160 Greentree Dr. #101                             )
Dover, DE 19904                                    )
                                                   )
                                                   )
                         Defendants.              )

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT SWIFT TRANSPORTATION CO. OF PHOENIX, LLC

Plaintiffs Hung C. O and Yong A. O hereby submit Plaintiffs' First Interrogatories to Defendant Swift Transportation Co. of Phoenix, LLC, pursuant to K.S.A. § 60-233.

### INSTRUCTIONS AND DEFINITIONS

1.       In each response to these interrogatories, provide all information in your possession, custody, or control. If you are able or willing to provide only part of the information sought, specify the reason for your inability or unwillingness to provide the remainder.

2.       If you decline to answer any portion of an interrogatory, provide all information called for by the balance of the interrogatory. If you object to any portion of the interrogatory on any ground, provide all information called for which is concededly discoverable.

3.       Notice is further given that these interrogatories are continuing in nature. In the event Defendant becomes aware of new or additional information in connection with these interrogatories in the future, Defendant shall supplement its answers herein.

4.       As used herein, the term "you," "your," or "yourself" or "Defendant" refers to Defendant Swift Transportation Co. of Phoenix, LLC, its agents, employees, representatives, and insurers collectively, unless specified otherwise herein.

5.       As used herein, the term "Plaintiff" or "Plaintiffs" refers to Plaintiff Hung C. O and Yong A. O unless specified otherwise herein.

6.       As used herein, the term "the occurrence," refers to the facts and circumstances surrounding the automobile collision that occurred between Plaintiffs and Defendant Brian Walker on or about November 17, 2016 at or near westbound Interestate Highway70 and 122nd Street in Bonner Springs, Wyandotte County, Kansas, as described in Plaintiffs' Petition for Damages.

7.       As used herein, the term "the location" refers to the location of the automobile collision that occurred between Plaintiffs and Defendant Walker on or about November 17, 2016 at or near

westbound Interstate Highway 70 and 122nd Street in Bonner Springs, Wyandotte County, Kansas, as described in Plaintiffs' Petition.

8.     As used herein, "person" means natural persons, firms, proprietorships, associations, partnerships, corporations and every other type of organization or entity.

9.     As used herein, "relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

10.    Whenever there is a request to "identify" a person, set forth his/her:

   a.   Name;
   b.   Title or position;
   c.   Present or last known business and home address;
   d.   Present or last known business and home telephone number;
   e.   Present or last known employer; and
   f.   If an employee, his/her present area of responsibility.

11.    References to the singular include the plural.

12.    The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

13.    In the event that your answer to any interrogatory is "not applicable," or you use a similar phrase or answer, explain why that interrogatory is not applicable.

14.    In the event that your answer to any interrogatory is "do not know" or any similar phrase or answer is given, state where (location) the answer to that interrogatory might be found, and who (identify) might have any information concerning that interrogatory, and explain in detail all efforts made by you to obtain an answer to that interrogatory.

15.    If you do not answer any interrogatory or you refuse to produce any document based on a claim of privilege, set forth the privilege claimed, the facts upon which you rely to support the claim of privilege, identify all documents for which such privilege is claimed, and all persons who you know or believe saw such documents or to whom all or part of the documents thereof were disclosed.

## INTERROGATORIES

1. Please identify the person completing and providing necessary information for these Interrogatory responses on behalf of Defendant Swift Transportation Co. of Phoenix, LLC, as follows:

   a) Full Name;
   a) Current Residential Address & Telephone Number;
   b) Residential Address & Telephone Number at time of automobile collision;
   c) Relationship with Defendant;
   d) Current Job Title with Defendant and job title(s) held for the past 10 years; and
   e) Dates of Employment with Defendant.

ANSWER:


2. Please provide the following information for Swift Transportation Co. of Phoenix, LLC:

   a) Complete Legal Name of Defendant;
   b) Any trade names by which Defendant is identified or under which Defendant conducts business;
   c) Any parent companies or subsidiaries;
   d) Address and telephone number of its principal business location; and
   e) Name of owner and manager of business location at 2200 S. 75th Ave., Phoenix, AZ 85043.

ANSWER:


3. Please identify the company safety director for Swift Transportation Co. of Phoenix, LLC:

   a) Full name:
   b) Current Address & Telephone Number;
   c) Current Job Title with Defendant and job title(so held for the past 10 years);
   d) Dates of Employment with Defendant; and
   e) Description of job duties with Defendant at time of the automobile collision and for the past 10 years.

ANSWER:


4. Please identify Defendant Swift Transportation Co. of Phoenix, LLC's HR director and/or the person(s) who hired Defendant Brian Walker as well as any and all occupants of the Semi at the time of the Collision, providing their:

   a) Full Name;
   b) Current Address & Telephone Number;

c) Current Job Title with Defendant and job title(s) held for the past 10 years;
d) Dates of Employment with Defendant;
e) Description of job duties with Defendant at time of the automobile collision and for the past 10 years; and
f) Description of hiring criteria for employees of Defendant.

ANSWER:


5. Was Swift Transportation Co. of Phoenix, LLC the owner of the Semi involved in the automobile collision? If "Yes," please state:

a) The approximate date Defendant purchased the Semi;
b) If the Semi is no longer in your possession, the approximate date the Semi was last in your custody and right of control;
c) If the Semi was sold, the name, address, and telephone number of the person or entity to whom the Semi was sold and the amount of consideration, if any, paid to you for the Semi;
d) Please state the name and address of the person currently in possession of the Semi, if different than your answer to subsection (c) above; and
e) The location of the Semi at the present time or the last known location of the Semi.

ANSWER:


6. Please identify the driver of the Semi involved in the automobile collision, stating the person's:

a) Full Name;
b) Date of Birth;
c) Social Security Number;
d) Current Address and Telephone Number;
e) Address and Telephone Number at time of the automobile collision; and
f) Relationship with Defendant Swift Transportation Co. of Phoenix, LLC.

ANSWER:


7. Was the driver of the Semi an employee of Swift Transportation Co. of Phoenix, LLC, at the time the automobile collision occurred? If "Yes," please state:

a) The dates of employment with Defendant;
b) Termination date and reason for termination with Defendant;
c) Job Title with Defendant at time of automobile collision and for the past 10 years;
d) Description of job duties with Defendant at time of automobile collision and for the past 10 years; and
e) Any other automobile collisions the employee was involved in while engaged in the scope or operation of his employment with you and/or Defendants Swift Transportation Company, Swift Transportation Co. of Arizona, LLC, and Swift Transportation Co., LLC other than the

automobile collision at issue, during the ten (10) years preceding or during the years following the automobile collision at issue.

ANSWER:

8. Were any of the occupants of the Semi employees of Swift Transportation Co. of Phoenix, LLC at the time the automobile collision occurred?  If "Yes," please state:

   a) Full name of employee, current address, and telephone number;
   b) The dates of employment with Defendant;
   c) Termination date and reason for termination with Defendant;
   d) Job Title with Defendant at time of automobile collision and for the past 10 years;
   e) Description of job duties with Defendant at time of automobile collision and for the past 10 years; and
   f) Any other automobile collisions the employee was involved in while engaged in the scope or operation of his employment with you and/or Defendants Swift Transportation Company, Swift Transportation Co. of Arizona, LLC, and Swift Transportation Co., LLC, other than the automobile collision at issue, during the ten (10) years preceding or during the years following the automobile collision at issue.

ANSWER:

9. Were any statements, whether written, recorded or stenographic obtained from either Plaintiff by you or anyone acting in your behalf in connection with the automobile collision at issue? If so, state:

   a) The dates they were obtained;
   a) The name and address of each person obtaining such statements;
   b) The method by which the statement was taken;
   c) If written, were they signed by the person?; and
   d) The name and address of the present custodian or the statement.

ANSWER:

10. Do you claim that anyone's fault should be compared in the automobile collision at issue other than those who are a party to this suit? If so, state:

   a) The name, address and any other identification of any person, firm, company, or corporation whom or which you claim was responsible; and
   b) The factual basis for your claim.

ANSWER:

11. Have you or any of your employees, agents, or representatives given any statements, written, recorded or stenographic, to anyone other than your attorney concerning the automobile collision at issue? If so state:

    a)  The dates they were given;
    b)  The name and address of each person taking such statements; and
    c)  The name and address of the present custodian of the statement.

ANSWER:


12. State the names and addresses of any and all persons known to you, your attorneys, or any other representatives, who claim to have witnessed the automobile collision that is the subject of this action or who were present within thirty (30) minutes thereafter.

ANSWER:


13. Were any statements, written or otherwise, obtained from anyone other than Defendant by a person acting on your behalf in connection with the automobile collision at issue? If so, state:

    a)  The date of each statement;
    a)  The name and address of each person whose statement was taken;
    b)  Whether such statement was written, recorded or taken by any other means;
    c)  The name and address of each person who took such statements; and
    d)  The name and address of the present custodian of the statements.

ANSWER:


14. Do you, or anyone acting on your behalf, have any photographs of any objects (e.g., scene, vehicles, etc.) that were taken since the automobile collision at issue which relate or may relate to the automobile collision at issue? If so, state:

    a)  The number of photographs you have;
    a)  The subject matter of each photograph;
    b)  The dates the photographs were taken;
    c)  The name and address of each photographer taking the photographs; and
    d)  The name and address of the present custodian of the photographs.

ANSWER:

15. Do you have any documentary evidence that you claim or may claim is relevant to the issues of this action other than photographs (e.g., repair estimates, scene diagrams, medical records, correspondence, etc.) or statements identified elsewhere in your Interrogatory answers? If so, identify the same and produce a copy unless you object to production without a Motion to Produce.

ANSWER:

16. Do you, or anyone acting in your behalf, have a copy of any record of testimony taken at a prior hearing involving this case? If so, state:

    a)   The date and nature of the hearing;
    b) The name and address of the person who recorded the testimony; and
    c) The name and present address of the present custodian thereof.

ANSWER:

17. Please state whether or not Swift Transportation Co. of Phoenix, LLC, has liability insurance coverage for personal injury which would cover any potential damages assessed against you in this lawsuit. If the answer is in the affirmative, state:

    a)   Whether or not the company with which you have insurance is defending this action;
    b)   The name and address of the insurance company defending the action;
    c)   The applicable limits of liability insurance contained in said policy; and
    d)   The name and address of each named insured under the policy.

ANSWER:

18. Pursuant to K.S.A. § 60-226, *et seq.*, please provide the name and address of each person whom you expect to call as an expert witness at trial, state the subject matter about which the expert is expected to testify, and state the substance of the facts and opinions as to which the expert is expected to testify along with a summary of the grounds for each opinion.

ANSWER:

19. Except for this lawsuit, have you, in the ten (10) years preceding or in the years following the automobile collision at issue, had any other claim or suit filed against you? Yes ( ) No ( ) If your answer is "Yes," state separately for each claim or suit.

    a)   Style of the suit, including court and case number;
    b)   A brief description of the nature of the suit;
    c)   Name of your attorney, if any; and
    d)   Name and address of all other parties to the case.

ANSWER:

20. Did the mechanical condition or operational status of the Semi cause or contribute to cause the automobile collision? If yes, please:

    a)   Identify the condition or operation involved; and

b) Describe with particularity how the condition or operation caused or contributed to cause the collision.

ANSWER:

21. With regard to repairs to or the maintenance of the Semi, please state:

   a) A complete description of all repairs or maintenance performed in the one-year period immediately preceding the automobile collision;
   b) The full name, present or last known address and telephone number of the person who performed such repairs or maintenance; and
   c) Identify all documents (including records, repair bills, statements or logs) regarding the repairs or maintenance.

ANSWER:

22. Please state the circumstances surrounding your employee or agent's operation of the Semi at the time of the automobile collision, including:

   a) The location where such person was going on your behalf;
   b) The purpose of the trip; and
   c) The location where your employee or agent had been prior to the collision and his route of travel prior to the collision.

ANSWER:

23. Please describe in sequential order the activities of your agent or employee who was operating the Semi at the time of the collision from eight hours before to two hours after the collision, including locations; arrival and departure times; and give the full name, present or last known address and telephone number of all persons who have knowledge of your agent or employee's activities.

ANSWER:

24. To your knowledge, was Defendant Brian Walker using his cell phone at the time of the Collison? If yes, please state:

   a) Defendant Brian Walker's cell phone number at the time of the accident; and
   b) The name and address for the cellular telephone service provider(s) utilized by Defendant Brian Walker on November 17, 2016.

ANSWER:

25. For each additional occupant of the Semi at the time of the automobile collision please provide:

a) Occupants' cell phone number at the time of the accident;
b) The name and address for the cellular telephone service provider(s) untilized by the occupants on November 17, 2016; and
c) If such occupants were your agents or employees, please identify their dates of employment and title/position with your company.

ANSWER:

26. Please list any and all electronic, digital, on-board tracking systems or recorders, computers, satellite systems, data recording devices, GPS positioning devices, or similar such devices or equipment that were in the Semi at the time of the automobile collision, identifying the name and manufacturer of such devices.

Please take notice that a copy of your answers to the foregoing Interrogatories must be served upon the undersigned within thirty (30) days after service of these Interrogatories. These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time answers are served and the time of trial.

Respectfully submitted,

*/s/ Thomas J. Dickerson*
Thomas J. Dickerson                    KS# 24647
Alexander C. Melin                     KS# 26419
1200 Main Street, Suite 2120
Kansas City, Missouri  64105
Phone: (816) 268-1960
Fax: (816) 268-1965
cdickerson@dickersonoxton.com
tdickerson@dickersonoxton.com
*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and complete copy of the foregoing Plaintiffs' First Interrogatories to Defendant was sent via certified U.S. Mail, postage prepaid, on this 19th day of January, 2018 to the following:

Swift Transportation Co. of Phoenix, LLC
National Registered Agents, Inc.
3800 N. Central Ave Suite 460
Phoenix, AZ 85012

/s/ Thomas J. Dickerson
Thomas J. Dickerson

## VERIFICATION PAGE

STATE OF _____)
                                                        )
COUNTY OF _____)

Affiant, of lawful age being first duly sworn on oath, states:

Affiant is the Defendant above-named; affiant has read the above and foregoing interrogatories, and the answers thereto are true and correct.

_____
Swift Transportation Co. of Phoenix, LLC

SUBSCRIBED AND SWORN to before me this _____ day of _____, 20___.


_____
Notary Public

My Appointment Expires:

IN THE 29th JUDICIAL DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CIVIL COURT DEPARTMENT

| | |
|---|---|
| HUNG C. O and YONG A. O, | ) |
| | ) |
|           Plaintiffs, | ) |
| | ) |
| v. | ) |
| | )    Cause No. _____ |
| BRIAN WALKER, | ) |
| Serve at: | )    K.S.A. Chapter 60 |
| 818 H Street | ) |
| Central City, Nebraska  68826 | ) |
| | ) |
| and | ) |
| | ) |
| SWIFT TRANSPORTATION CO. OF | ) |
| ARIZONA, LLC | ) |
| Serve Registered Agent: | ) |
| National Registered Agents, Inc. of KS | ) |
| 112 SW 7th Street Suite 3C | ) |
| Topeka, KS 66603 | ) |
| | ) |
| and | ) |
| | ) |
| SWIFT TRANSPORTATION COMPANY | ) |
| Serve Registered Agent: | ) |
| National Registered Agents, Inc. | ) |
| 3800 N. Central Ave Suite 460 | ) |
| Phoenix, AZ 85012 | ) |
| | ) |
| and | ) |
| | ) |
| SWIFT TRANSPORTATION CO. OF | ) |
| PHOENIX, LLC | ) |
| Serve Registered Agent: | ) |
| National Registered Agents, Inc. | ) |
| 3800 N. Central Ave Suite 460 | ) |
| Phoenix, AZ 85012 | ) |
| | ) |
| and | ) |
| | ) |
| SWIFT TRANSPORTATION CO., LLC | ) |
| Serve Registered Agent: | ) |
| National Registered Agents, Inc. | ) |
| 160 Greentree Dr. #101 | ) |
| Dover, DE 19904 | ) |
| | ) |
| | ) |
|           Defendants. | ) |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT SWIFT TRANSPORTATION CO. OF PHOENIX, LLC

Plaintiffs Hung C. O and Yong A. O hereby submit Plaintiffs' First Request for Production to Defendant Swift Transportation Co. of Phoenix, LLC, (hereinafter "Defendant," unless otherwise specified) pursuant to K.S.A. §§ 60-226 and 60-234.

### General Instructions and Definitions

1.      The documents requested shall be produced as they are kept in the ordinary course of business, or Defendant shall organize and label the documents to correspond with the categories in each Request.

2.      These Requests shall encompass all items within Defendant's possession, custody, or control. If you are able or willing to provide only part of the information sought, specify the reason(s) for your inability or unwillingness to provide the remainder.

3.      If any Request refers to a document that is no longer in your present possession or subject to your control, or is no longer in existence, please state whether such documents or records are: a) missing, b) destroyed, c) transferred to others, and/or d) otherwise disposed. Additionally, in such instance, please state the surrounding circumstances and any authorization for such disposition, the approximate date of any such disposition, if known, and the present location and custodian of such document.

4.      Unless specifically stated otherwise in any specific Request, the documents requested herein shall encompass the documents, records, or other information requested in existence or produced since the date of the accident at issue to the time Defendant submits responses herein.

5.      These Requests are deemed continuing in nature so as to require supplemental or amended production of documents if additional information, documents, or records are obtained

by you.

6. .    In the event that you object to answering any of these Requests, state the precise ground for the objection and the basis for asserting that the described ground is applicable. The objection and basis shall be stated separately for each Request. If you object to any portion of a Request, please provide all information requested by the balance of the Request that is concededly discoverable.

7.    As used herein, the word "you," "your," or "yourself" refers to Defendant Swift Transportation Co., of Phoenix, LLC, unless specified otherwise herein.

8.    As used herein, the word "accident" refers to the motor vehicle accident which occurred between Plaintiffs and Defendant Brian Walker on November 17, 2016.

9.    If any Request is objected to as being vague, ambiguous, or overly broad, any information that you reasonably believe is within the scope of the Request should be disclosed, and any objection to the remainder should specify what exactly is vague, ambiguous, or overly broad about the Request.

10.    In the event that you respond to any Request as being "not applicable" or give a similar phrase or answer in response, please explain in detail why that particular Request is not applicable.

11.    If privileged under either attorney-client or other privilege, or the work product doctrine is asserted as a basis for non-response to any Request, with respect to each document withheld, please;

      (1) Describe the document withheld;

      (2) State the basis for the claim or privilege;

      (3) Identify the author and parties of the document; and

(4) Identify the persons who possess the document.

12.     As used herein, the term "communication" means, includes, and shall refer to the transmittal of data, information, facts, ideas, and/or inquiries in any form.

13.     As used herein, the word "concerning" means and includes referring to, relating to, concerning, describing, evidencing, and constituting.

14.     As used herein, the word "document" or "documents" means, includes, and shall refer to the original or draft of any kind of written or graphic matter, however produced or reproduced, of every kind and description, whether sent or received or neither, and all copies thereof that are different in any way from the original (whether by interlineation, receipt, stamp, notation, indication of copies sent or received, or otherwise), and including without limitation any paper, book, account, ledger, invoice, statement, bill, proposal, bid, purchase order, check, draft, money order, photograph, blueprint, drawing, agreement, contract, warranty, memorandum, letter, telegram, object, report, record, transcript, study, notation, diary, log, working paper, interoffice communication, intraoffice communication, chart index, sheet, pamphlet, computer software, computer printout, quotation, bulletin, circular, manual, summary, graph, signature card, title, certificate, recording or memorandum, telephone or other communication, or of interviews, or of conference, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or responded to which you have or have had access to or of which you have knowledge. The term is not limited to "hard copy" documents, but also includes documents stored in electronic or data form, such as email, instant messages, text messages, electronic records, electronic data in software systems, and documents stored on a computer drive, disc, or tape.

15.     As used herein, the word "record" or "records" means, includes, and shall refer to

originals and copies of any letters, faxes, memoranda, telegrams, handwritten notes, periodicals,

pamphlets, books of accounts, reports, documents, studies, working papers, diaries, charts,

papers, invoices, or any other writing however produced, or reproduced, and shall include all

documents, of which you have knowledge, whether or not you currently have such documents in

your care, custody, or control. This term is not limited to paper "hard copy" documents, but also

includes documents stored in electronic or magnetic form, such as email and documents stored

on a computer drive, disc, or tape.

   16. As used herein, the word "statements" shall be defined as any letters, faxes,

memoranda, telegrams, handwritten notes, periodicals, publications, pamphlets, books or

accounts, reports, documents, studies, working papers, diaries, charts, papers, invoices, or any

other writing however produced. Statements are not limited to "hard copy" documents and also

include documents in electronic or magnetic form.

### DOCUMENTS REQUESTED

   1. All documents referenced or identified in your answers to Plaintiff's First Set of

Interrogatories to you.

   2. All statements taken of either Plaintiff, or any agent, employee, or representative of either

Plaintiff, which relate to the allegations in Plaintiff's Petition for Damages.

   3. Any documents, photographs, films, or videotapes depicting either Plaintiff, Defendant

Brian Walker, the scene of the automobile collision, and/or any of the vehicles or the Semi involved in the

automobile collision described in Plaintiff's Petition for Damages.

   4. The *curriculum vitae* of any expert witness you have identified in your Answers to

Plaintiff's First Set of Interrogatories.

   5. All documents relating to any inspection or examination performed by you or any person

acting on your behalf of the scene of the automobile collision and/or any of the vehicles or the Semi

involved in the automobile collision.

6.      All statements taken of any person claiming to have witnessed the automobile collision or who were present within 30 minutes thereafter.

7.      All statements you, your employees, agents, or representatives provided to any persons other than your attorney regarding the automobile collision.

8.      Any other statements which have been obtained from all parties, witnesses, or other persons by Defendant or his representatives, including representatives of any insurance companies which investigated the accident on behalf of Defendant.

9.      Your automobile insurance claim file related to the automobile collision.

10.     Copies of any and all citations, warnings, and/or tickets issued to you or any of your employees, agents, or representatives in connection with the automobile collision.

11.     Any and all documents which you intend to introduce as evidence at the trial of this matter.

12.     A copy of all ownership and registration documents and papers regarding the Semi involved in the automobile collision.

13.     Maintenance and service records related to the Semi involved in the automobile collision for the one-year period preceding the automobile collision, from November 17, 2015 to November 17, 2016.

14.     Any documents relating to the sale, transfer, or loss of the Semi, and/or repairs, estimates, or property damage sustained by the Semi on or after the date of the automobile collision from on and after November 17, 2016 to the present.

15.     Any documentation evidencing or specifying your relationship with the driver of the Semi or any of the occupants of the Semi at the time of the automobile collision.

16.     Employment records for Defendant Brian Walker's employment with Defendant, including, but not limited to, records evidencing dates of employment, termination and reason for termination, job title, position, job duties, use of company vehicles or Semis, background checks performed, driving records obtained, prior motor vehicle accidents, DWIs/DUIs/DWAIs, criminal background checks,

resumes and applications submitted, the automobile collision described in Plaintiff's Petition for Damages, and any other automobile collisions in which Defendant Brian Walker was involved during the course and scope of his employment with Defendant.

17.     A copy of any expert reports, summaries, notes, recordings, (including audio, video, computer and other means of preservation) writings, or letters that you have obtained in this case from or were prepared in this case by such an expert or experts that may provide testimony at trial that directly relates to or forms the opinions expressed by the expert.

18.     A copy of each deposition given by each expert retained relating to the subject matter of this litigation.

19.     Any and all expert report(s) that were or will be relied upon in whole or in part by any testifying expert in this case on your behalf.

20.     Any and all work papers, notes and documents in the file of any expert witness who is expected to testify or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert on your behalf.

21.     A *curriculum vitae* or resume for each individual whom you may call as an expert witness at the trial of this case.

22.     All documents or tangible things prepared by any expert you expect to call as a witness, including, but not limited to, those which would be included in such expert's report, factual observations, opinions, conclusions, photographs, field notes, calculations, models and exhibits.

23.     If the driver of the Semi involved in the collision was your employee or using the Semi with your permission, please provide a list of all alcoholic beverages, drugs and/or medications the driver consumed to your knowledge within the twenty-four (24) hours preceding the automobile collision.

24.     If the driver of the Semi involved in the collision was your employee or using the Semi with your permission, a list of the driver's qualifications to operate the Truck, the DOT file, and the medical card permitting the driver to operate the Semi.

25.     If the driver of the Semi or any of the occupants involved in the collision were your employees or were using the Truck with your permission, a list of the driver's and/or the occupants' injuries sustained in the accident, a copy of the medical file of the driver for treatment of the injuries sustained, and a copy of the worker's compensation file for any worker's compensation claim made by the driver in connection with the automobile collision.

26.     If the driver or the occupants of the Semi involved in the collision were your employees or were using the Semi with your permission, a copy of the driver's and the occupants' cell phone records for the date of the accident, including, but not limited to, any documentation evidencing such persons' cell phone numbers and phone providers as of the date of the incident, text messages sent or received, calls made, and data searched on the phones for the date of the accident.

27.     If the driver or the occupants of the Semi involved in the collision were your employees or were using the Semi with your permission, copies of the driver's and the occupants' credit card receipts and credit card statements for any credit cards which they had, whether for business or personal use, including gas credit cards on the date of the accident.

28.     Dispatch records for the Semi on the date of the accident.

29.     Any records generated and data recorded by any electronic control module (ECM), engine usage data, or event data recorder (EDR) on the Semi and any other electronic data recorded on any devices, including, but not limited to, on-board tracking systems (e.g., OmniTracks), collision avoidance systems, on-board computer/satellite systems, computerized dispatch records, event data recorders, on-board messaging systems, and GPS positioning data for the Semi for the data of the accident.

30.     The trip envelope and contents thereof for the trip being made at the time the accident occurred.

31.     Any and all documents and internal records of Defendant regarding the Semi, the driver, and the occupants of the Semi from on and after for the date of the accident, November 17, 2016, through the present.

32.     Copies of all pick-up and delivery records, trip summaries, delivery manifests, trip reports, bills of lading and weigh bills for the date of the accident.

33.     Copies of all toll tickets, fuel receipts, weight tickets, state entry and departure records for the date of the accident.

34.     Log books and records related to the Semi involved in the automobile collision for the one-year period preceding the automobile collision, from November 17, 2015 to November 17, 2016.

35.     Log books and records related for the driver involved in the automobile collision for the one-year period preceding the automobile collision, from November 17, 2015, to November 17, 2016.

36.     All trucking company policies, procedures, manuals, or other written rules, directives, or guidance concerning driver training, loss prevention, dispatching, compliance with FMCSR, collision investigation, driver log acquisition and verification, ECMs, satellite tracking / positioning / communication devices (e.g. Qualcomm), and document retention for the ten-year period preceding the automobile collision, from November 17, 2006, to November 17, 2016.

37.     Defendant's files for the automobile collision that occurred on November 17, 2016.

38.     Defendant's accident files for any and all accidents the Semi has been involved in for the 10-year period preceding the automobile collision, from November 17, 2006 to November 17, 2016.

39.     Defendant's accident files for any and all accidents for which a claim or lawsuit has been filed against Defendant in the 10-year period immediately preceding the automobile collision, from November 17, 2006 to November 17, 2016.

        Please take notice that a copy of the documents requested in the foregoing Requests for Production must be served upon the undersigned within thirty (30) days after service of these Requests for Production. These Requests for Production shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time answers are served and the time of trial.

Respectfully submitted,

*/s/ Thomas J. Dickerson*
Thomas J. Dickerson                    KS# 24647
Alexander C. Melin                     KS# 26419
1200 Main Street, Suite 2120
Kansas City, Missouri 64105
Phone: (816) 268-1960
Fax: (816) 268-1965
cdickerson@dickersonoxton.com
tdickerson@dickersonoxton.com
*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and complete copy of the foregoing Plaintiffs' First Request for Production to Defendant was sent via certified U.S. Mail, postage prepaid, on this 19th day of January, 2018 to the following:

Swift Transportation Co. of Phoenix, LLC
National Registered Agents, Inc.
3800 N. Central Ave Suite 460
Phoenix, AZ 85012

*/s/ Thomas J. Dickerson*
Thomas J. Dickerson

4